IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TY ALAN TUCKNESS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-188-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254**

Before the Court is the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254* filed by petitioner TY ALAN TUCKNESS, a state prisoner represented by legal counsel, challenging his state convictions and sentences out of the 47th Judicial District Court of Potter County, Texas. For the following reasons, petitioner's application for federal habeas corpus relief should be DENIED.

I.
FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2011, in Cause No. 63,052-A, petitioner was charged by Indictment with the 1st degree felony offense of aggravated sexual assault of a child in violation of Texas Penal Code § 22.021(a)(1)(B)(iii), (2)(B).    Specifically, it was alleged that on or about February 2, 2011, petitioner:

> [D]id then and there intentionally and knowingly cause the sexual organ of [J.H.],
> a child who was then and there younger than 14 years of age, to contact the mouth

of another person, namely [petitioner].

[ECF 7-4 at 20].    That same date, petitioner was charged by separate Indictment, in Cause No. 63,053-A, with an additional 1st degree felony offense of aggravated sexual assault of a child in violation of Texas Penal Code § 22.021(a)(1)(B)(i), (2)(B).    Specifically, it was alleged that on or about February 2, 2011, petitioner:

> [D]id then and there intentionally and knowingly cause the penetration of the female sexual organ of [J.H.], a child who was then and there younger than 14 years of age, by the [petitioner's] finger.

[ECF 8-1 at 18].    Each Indictment alleged a prior final felony conviction for delivery of a controlled substance for purposes of enhancing petitioner's minimum punishment.

On May 23, 2012, after a consolidated trial, petitioner was convicted by a jury of both counts of aggravated sexual assault as alleged in each Indictment.    [ECF 7-8 at 16, 8-4 at 11]. On May 24, 2012, the jury sentenced petitioner to fifty years confinement for each count.[1]    [ECF 7-8 at 20, 8-4 at 15].    On June 1, 2012, the trial court signed the Judgment of Conviction in each case, ordering petitioner's sentences to run concurrently.    [ECF 7-8 at 27, 7-9 at 1, 8-5 at 3-4].

Petitioner, represented by new appointed counsel, appealed his convictions and sentences asserting, as relevant to this proceeding, that the evidence was legally insufficient to prove petitioner *knew* the victim was under 14 years of age at the time he sexually assaulted her so as to prove petitioner committed the offense of aggravated sexual assault.    *Tuckness v. State*, No. 07-12-00235-CR, 07-12-00236. [ECF 8-18].

On November 21, 2013, in addressing petitioner's sufficiency of the evidence ground, the Seventh Court of Appeals of Texas noted petitioner did not contest the general sufficiency of the evidence to sustain the jury's verdicts against him; rather, he contested the sufficiency of the

---

[1]The State filed a notice of its intent to cumulate petitioner's sentences.    [ECF 7-8 at 1].

evidence as to only one matter:    whether the evidence was sufficient for the State to prove petitioner *knew* the victim was younger than 14-years-old at the time he committed the sexual assault offense.    [ECF 8-20 at 4].    The court noted that to prove the offense of aggravated sexual assault, the State had to present evidence that (1) petitioner; (2) intentionally or knowingly; (3) caused the penetration of the anus or sexual organ of a child by any means; or caused the sexual organ of a child to contact or penetrate the mouth, anus or sexual organ of another person, including the actor; and (4) that the child was younger than 14 years of age.    Tex. Penal Code Ann. 22.021(a)(1)(B)(i), (iii), (2)(B) (2011).    [ECF 8-20 at 4-5].

The intermediate appellate court held that from its review of the Texas Penal Code provisions involved in the case, "there [was] no requirement that the State prove that [petitioner] knew that [J.H.] was younger than 14 years old" and found such a determination was "the consistent holding of the courts in Texas."    [ECF 8-20 at 5].    The court noted the state legislature had the prerogative to define and punish acts as criminal, including the prerogative to create strict liability crimes where there is an "overriding governmental interest in promoting the health, safety, and welfare of its citizens," and that the authority of the legislature had been consistently upheld. The court thus found the State was not required to prove petitioner *knew* the victim was a child younger than 14-years-old when he sexually assaulted her in order to be guilty of the offense of aggravated sexual assault and overruled petitioner's legal insufficiency claim.    After reforming the trial court's judgment to delete a provision not relevant to this proceeding, the intermediate appellate court affirmed the trial court's judgment as reformed.    [ECF 8-20 at 9].

Petitioner, represented by the same appellate counsel, sought review of the state intermediate appellate court's determination that knowledge that the victim is under 14 years of age is not an element of the Texas aggravated sexual assault statute and, therefore, the evidence

was sufficient to support petitioner's conviction, by filing a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.    [ECF 9-7].    On April 1, 2015, that court refused petitioner's PDR.    *Tuckness v. State*, No. PD-0185-14, PD-0186-14.    [ECF 7-1].

Petitioner, represented by the same appellate counsel, sought collateral review of his convictions by filing petitions for state habeas corpus relief alleging grounds of ineffective assistance of trial counsel.    [ECF 9-9 at 5-42; 9-11 at 5-42].    On April 25, 2016, the state trial court entered Findings of Fact and Conclusions of Law finding trial counsel was not ineffective. [ECF 9-9 at 56-61, 9-11 at 57-62].    On May 11, 2016, petitioner's applications were dismissed as noncompliant with state appellate rules.    *In re Tuckness*, No. 85,006-01, -02.    [ECF 9-8, 9-d10].    Petitioner, through counsel, again sought collateral review of his convictions by re-filing his petitions for state habeas relief.    [ECF 9-13 at 5-15; 9-15 at 5-15].    On August 24, 2016, the Texas Court of Criminal Appeals denied petitioner's applications without written order based on the findings of the trial court without a hearing.    *In re Tuckness*, No. 85,006-03, -04.    [ECF 9-12, 9-14].

On August 30, 2016, petitioner, represented by the same legal counsel, filed the instant application for federal habeas corpus relief.    [ECF 1].

II.
PETITIONER'S CLAIM AND ARGUMENTS

In his sole ground for relief, petitioner alleges his confinement pursuant to his state court convictions and sentences is unconstitutional because:

> The evidence was legally insufficient to prove petitioner *knew* the victim was under 14 years of age.

In the "Introduction" portion of his habeas application, petitioner, who did not testify at trial, argues the victim "represented herself [on a social media website] as much older than 13 at the

time of the incident."[2]    [ECF 1 at 6].    Petitioner contends that "where a child looks and affirmatively *claims* to be older," the evidence "must implicitly contain a scienter requirement." [ECF 1 at 6-7].    In his "Statement of Facts" portion, petitioner contends there was testimony that the victim "looked 'probably around 14 or 15' on the day in question," that she was less than three months from turning 14-years-old at the time of the sexual assault, and that evidence that petitioner *knew* the victim had not yet turned 14-years-old "was lacking."[3]    [ECF 1 at 7-8].

Under his "Underlying Law" section, petitioner cites a footnote from *Staples v. United States*, 511 U.S. 600 (1994), wherein the United States Supreme Court explained that while public welfare offenses do not require a defendant know all of the facts that make his conduct fit the definition of the offense or all elements of a crime, that "[g]enerally speaking," such knowledge is necessary to establish the *mens rea* or mental element of a crime.    [ECF 1 at 17].    Petitioner then infers a *mens rea* is required where facts have been concealed or "innocent ignorance and mistake" has occurred.

In his "Analysis" section, petitioner argues that as the victim "held herself out to be years older than she actually [was]," and as petitioner had known her since she was a toddler, he could not be expected "to have known *exactly* how old" the victim was at the time of the sexual assault. [*Id.*].    Petitioner maintains that when these factors are considered with the witness's trial testimony that the victim looked "probably about 14 or 15," he "cannot simply be deemed to have known [the victim] was three months from 14" and, further, under *Staples*, he "cannot be assumed to have known this."    [ECF 1 at 18].    Petitioner thus appears to conclude that as the State did not prove he *knew* the victim was under the age of 14 at the time of the offense, at most he could have only been convicted of non-aggravated sexual assault under section 22.011(a)(2), (c)(1) of

---

[2]Petitioner does not argue he was aware of the victim's false representation on the social media website at the time of the sexual assault.

[3]Petitioner then argues the testimonial evidence attacked the victim's credibility and DNA evidence was inconclusive.

the Texas Penal Code (sexual assault of a child age 14-16).

III.
STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a federal writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States.    28 U.S.C. § 2254(a).    However, a court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:

1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).    A decision is contrary to clearly established federal law if the state court reached a conclusion opposite to a decision reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.    *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).    A state court decision will be found to have unreasonably applied clearly established federal precedent if the decision correctly identifies the applicable legal rule but objectively, unreasonably applies that rule to the facts of the case.    *Williams*, 529 U.S. at 413; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts this presumption of correctness by clear and convincing evidence.    28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 485.    The presumption of correctness applies to both implicit and explicit factual findings.    *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,*

274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").   Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing.  *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to section 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying section 2254(d)'s standards of review.   A "paper hearing" is sufficient to afford a full and fair hearing on factual issues especially where the trial court and state habeas court were the same. *See Hill,* 210 F.3d at 489; *Murphy v. Johnson,* 205 F.3d 809, 816 (5th Cir. 2000).

Moreover, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 100 (2011) (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).   This standard is difficult to meet "because it was meant to be," stopping just short of imposing a complete bar on federal-court re-litigation of claims already rejected in state proceedings.   *Id.* at 102.

IV.
MERITS

In his ground for review in this federal habeas proceeding, petitioner raises the identical challenge to the sufficiency of the evidence he raised on his state direct appeal.   As detailed above, the Seventh Court of Appeals, construing petitioner's claim as a limited challenge to the sufficiency of the evidence only as to petitioner's knowledge that the victim was under the age of 14 and finding petitioner's knowledge of the victim's age was not a substantive or essential element of the criminal offense as defined by state law, overruled petitioner's insufficiency of the evidence argument.   The Texas Court of Criminal Appeals summary refusal of petitioner's petition for discretionary review

was not a determination on the merits, was of no precedential value and did not lend any additional authority to the appellate court opinion, as it was not an endorsement or adoption of that opinion. *Sheffield v. State*, 650 S.W.2d 813 (1983) (en banc).    Petitioner did not raise this issue in his state habeas proceeding.    Consequently, the intermediate appellate court opinion on direct appeal, as the last decision on the merits of petitioner's federal claim and the only reasoned state court opinion on the issue, is the state court decision entitled to AEDPA deference.    *See Wilson v. Sellers*, 138 S.Ct. 1188 (2018) ("when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion . . . a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). Consequently, this Court's review is limited to a determination of whether petitioner has shown that decision was based on an unreasonable determination of the facts in light of the evidence before the state court, or was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

In his federal habeas application, petitioner argues simply that "the state courts' affirmance in the face of the petitioner's claim of insufficient evidence at least 'involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' if not contrary to that law, § 2254(d)(1)."    This conclusory statement alone is insufficient for petitioner to prove the threshold standard to overcome the AEDPA bar and obtain federal habeas relief.[4]    Namely, petitioner fails to specifically show in what way the state appellate court's denial of relief was based either on an unreasonable application of federal law as determined by the United States Supreme Court or on an unreasonable determination of facts in light of the evidence.    Moreover,

---

[4]To the extent, if any, petitioner's statement can be construed as an attempt to argue he has overcome the re-litigation bar because the state intermediate appellate court unreasonably applied *Staples v. United States*, 511 U.S. 600 (1994), the Court finds petitioner's argument insufficient and wholly without merit.

petitioner fails not only to clearly identify any clearly established Supreme Court precedent that supports his allegations, but also to argue how the state court's determination of the facts was unreasonable.   Petitioner has not, by his summary argument, established the mandatory predicate that must be met before this Court can grant federal habeas relief.

Despite petitioner's conclusory statement to satisfy the AEDPA threshold, this Court has nonetheless reviewed the Seventh Court of Appeals decision, the last state court decision on the merits and the only state court opinion that provides a rationale for its holding, and finds the state court's denial of petitioner's claim was not contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts.   The intermediate appellate court's finding that the perpetrator's knowledge that the victim is under the age of 14 is not an element of the state criminal offense, an interpretation of its own state law, is entitled to deference by this court.   *Cf. Weeks v. Scott*, 55 F.3d 1059, 1063 (5ᵗʰ Cir. 1995) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law, and we defer to the state courts' interpretation of the Texas . . . statute."); *Schaetzle v. Cockrell*, 343 F.3d 440, 449 (5ᵗʰ Cir. 2003) ("[W]e defer to that determination of state law.").   The undersigned finds no showing has been made that the state court's denial was contrary to, or an unreasonable application of, clearly established federal law.   Consequently, petitioner's claim is foreclosed by the AEDPA re-litigation bar, and petitioner's federal habeas application is subject to denial solely on this basis.

Even reaching the slightly broader construed issue of "whether the evidence was legally insufficient to support petitioner's convictions for the offenses of aggravated sexual assault because the evidence did not prove petitioner *knew* the victim was under 14 years of age at the time he sexually assaulted her," the undersigned finds petitioner is not entitled to federal habeas relief on the merits of his claim.   For purposes of federal habeas corpus review, a state conviction need

only satisfy the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979).    To determine the legal sufficiency of the evidence, a federal court must consider whether, viewing all the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt."    *Id.* at 318-19, 99 S.Ct. at 2789.    The reviewing court must determine if the evidence is constitutionally sufficient to support the conviction, *i.e.*, whether the evidence satisfied the "substantive elements of the criminal offense as defined by state law."    *Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991).

Petitioner was charged with sexually assaulting a family friend's daughter whom petitioner had known since she was a very young child.    The offense was alleged to be "aggravated" due the victim being "younger than 14 years of age."    In Texas, a person commits an aggravated sexual assault of a child if the person, "regardless of whether the person knows the age of the child at the time of the offense," meets the other elements of the offense.    *Rose v. Director, TDCJ-CID*, 2017 WL 7052235 (E.D. Tex. Tyler Div. Nov. 21, 2017).    Under Texas law, a conviction for aggravated sexual assault of a victim under age 14 does not violate the Due Process or Due Course of Law Clauses of either the United States or Texas Constitutions for failure to require proof that the defendant knew the victim was under age 14 at the time of the sexual act.    *Fleming v. State*, 455 S.W.3d 577 (Tex.Crim.App. 2014).    Consequently, viewing the evidence presented during the jury trial in the light most favorable to the prosecution, the Court finds the evidence was constitutionally sufficient to show petitioner intentionally or knowingly committed the sexual acts alleged in the Indictment and as required by state statute, and also to show the victim was 13 years and 8 months old at the time of the sexual assaults, *i.e.*, younger than 14 years of age.

Although his claim before this Court and the state intermediate court are worded as

sufficiency of the evidence claims, petitioner does not appear to actually be challenging the sufficiency of the evidence to support either a non-existent element of the offense or of his convictions in general.    If, instead, it is petitioner's position that the state criminal statute is unconstitutional because it does not specifically state that an offense is committed regardless of whether the actor *knows* the age of the victim at the time of the offense, or that in the absence of such language in the statute such knowledge of fact is constitutionally required, such issues are not properly before this Court.

Petitioner has failed to show he is entitled to any federal habeas corpus relief in this proceeding.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner TY ALAN TUCKNESS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 22, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.    In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.    Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).    **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."    Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.    A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.    *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54/FCR\TUCKNESS-188.DNY-AEDPA-SUFF:2